IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2047-D

| | | |
|---|---|---|
| DAVID M. SCATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On March 14, 2011, David M. Scates ("Scates" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a memorandum in support [D.E. 1]. On March 17 and August 8, 2011, petitioner filed supplemental memoranda in support [D.E. 2, 3]. On October 26, 2011, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and dismissed the petition for failure to state a claim [D.E. 4]. On November 9, 2011, Scates filed a motion for reconsideration [D.E. 6] and a notice of appeal [D.E. 7].

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins.

Co., 148 F.3d 396, 403 (4th Cir. 1998). Scates has not cited any recent change in the controlling law, any newly discovered evidence, or any clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent that Scates seeks relief under Federal Rule of Civil Procedure 60(b), his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from setting aside the judgment. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Scates has failed to establish a meritorious claim or defense. Thus, Scates fails to meet Rule 60(b)'s threshold requirements.

As for Scates's request for reconsideration of the court's decision to deny a certificate of appealability, Mot. Recons. 1, a certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that reasonable jurists could debate whether the issue should have been decided differently or show that the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Reasonable jurists would not find the court's treatment of any of the claims debatable or wrong, and none of the issues raised are adequate to deserve encouragement to proceed further.

Moreover, Scates has made no argument which warrants reconsideration of the court's prior decision to deny a certificate of appealability. Accordingly, the court denies petitioner's motion for reconsideration [D.E. 6].

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 6].

SO ORDERED. This 25 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge