IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2047-D

| | | |
|---|---|---|
| DAVID M. SCATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On March 14, 2011, David M. Scates ("Scates" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a memorandum in support [D.E. 1]. On March 17 and August 8, 2011, petitioner filed supplemental memoranda in support [D.E. 2, 3]. On October 26, 2011, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and dismissed the petition for failure to state a claim [D.E. 4]. On January 25, 2012, the court denied Scates's motion for reconsideration [D.E. 13]. On June 6, 2012, the United States Court of Appeals for the Fourth Circuit dismissed Scates's appeal. Scates v. Johns, 474 F. App'x 107 (4th Cir. 2012) (per curiam) (unpublished). On July 19, 2012, Scates filed a motion to correct his criminal judgment in his criminal case, which the district court dismissed as an unauthorized successive section 2255 motion. Motion and Order, United States v. Scates, No. 3:98-CR-87-REP-1 (E.D. Va.), [D.E. 222–225]. On February 26, 2013, the Fourth Circuit dismissed Scates's appeal. United States v. Scates, 511 F. App'x 258 (4th Cir. 2013) (per curiam) (unpublished). On July 3, 2014, Scates filed another motion to correct his criminal judgment in his criminal case, which motion remains pending. Motion, United States v. Scates, No. 3:98-CR-87-REP-1 (E.D. Va. July 3, 2014), [D.E. 232].

On January 23, 2015, Scates filed a second motion for reconsideration [D.E. 24]. Scates seeks reconsideration based on "newly-available Supreme Court authority," citing Persaud v. United States, 134 S. Ct. 1023 (2014), Descamps v. United States, 133 S. Ct. 2276 (2013), and Begay v. United States, 553 U.S. 137 (2008).

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'"[1] Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotation omitted). If a party meets these threshold conditions, the party must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Id. at 266.

"A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Aikens, 652 F.3d at 500 n.3. Scates's motion is untimely under the first three reasons. Scates has not argued or demonstrated that the judgment is void or has been satisfied, and therefore may not proceed under Rule 60(b)(4) or (5).

---

[1] The court does not analyze the motion under Rule 59(e) because it is untimely under that rule. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); Aikens, 652 F.3d at 501. Thus, November 23, 2011, was petitioner's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a) (explaining computation of time); Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished) ("[T]he time to file a Rule 59(e) motion begins to run on the date when an order disposing of the motion is entered."). The court cannot extend the time for filing the motion. Fed. R. Civ. P. 6(b)(2); see Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).

2

Scates must proceed—if at all—under Rule 60(b)(6). In order to obtain relief under that rule, Scates's motion must "be filed on 'just terms' and within 'a reasonable time.'" Aikens, 652 F.3d at 501. Moreover, Scates must show "'extraordinary circumstances'" justifying relief. Id. at 500.

Scates has failed to make the requisite showing. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–17 (2007); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); Whittaker v. Chandler, 574 F. App'x 448, 449 (5th Cir. 2014) (per curiam) (unpublished); Hawkins v. United States, 724 F.3d 915, 917–18 (7th Cir. 2013); United States v. Powell, 691 F.3d 554, 557–58 (4th Cir. 2012); Wicker v. McCotter, 798 F.2d 155, 158 (5th Cir. 1986); Eley v. United States, No. 5:11-CR-374-D, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014) (unpublished). Thus, the court denies the motion.

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 24].

SO ORDERED. This __26__ day of May 2015.

JAMES C. DEVER III
Chief United States District Judge